IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| U.S. BANK NATIONAL ASSOCIATION, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Misc. No. 17-222-GMS |
| | ) | Superior Court of the State of |
| ANTHONY L. TILLMAN, a/k/a/ Nazir El, | ) | Delaware in and for New Castle County |
| | ) | C.A. No. N17L-07-057 JRJ |
| Defendant. | ) | |

**MEMORANDUM**

**I. INTRODUCTION**

On August 25, 2017, the defendant Anthony L. Tillman, a/k/a Nazir El ("the defendant") filed a notice of removal of Delaware State Court C.A. No. N17L-07-057-JRJ. (D.I. 1.) The defendant appears *pro se* and has paid the filing fee.[1] The plaintiff moves for remand. (D.I. 5.) For the reasons discussed below, the court will grant the motion and remand the case to the Superior Court of the State of Delaware in and for New Castle County.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

On July 17, 2017, the plaintiff U.S. Bank National Association ("the plaintiff") filed a mortgage foreclosure action for real property located in New Castle, Delaware, against the defendant in the Superior Court of the State of Delaware in and for New Castle County, *U.S. Bank National Association v. Tillman*, C.A. No. N17L-07-057 JRJ. (D.I. 1, ex. F.) The

---

[1]The case was opened in error as a miscellaneous matter. The defendant was assessed a $47.00 filing fee, and he paid the $47.00 filing fee on September 14, 2017. The matter should have been opened as a civil action, and the defendant should have been assessed a $400.00 filing fee. Were the court not remanding the matter to State court for lack of jurisdiction, this case would be reopened as a civil matter, and the defendant would be assessed the required $400.00.

defendant was served by summons on August 13, 2017, and he filed a notice of removal to this court on August 25, 2017. (D.I. 1 at 1-2.)

The notice of removal states that this is an action of which the court has original jurisdiction under 28 U.S.C. § 1331 (*i.e.*, a federal question), in that it arises under a treaty of the United States, commonly referred to as the United Nations Convention on Contracts for the International Sale of Goods. (*Id.* at 2.) Other grounds for removal include: a reference to the mortgage's governing law clause; diversity of citizenship; possible federal law/constitutional law violations; Federal Housing Authority involvement; possible U.S. Department of Justice violations; possible fraud; possible Truth in Lending Act violations; possible Fair Debt Collection Practices Act violations; the plaintiff is a federally regulated national bank; and involvement by the Delaware State Housing Authority. (*Id.* at 3.)

The defendant timely filed a notice of removal (D.I. 1) and the plaintiff timely filed a motion to remand (D.I. 5). *See* 28 U.S.C. § 1446(b), § 1447(c). The plaintiff seeks remand under the well-pleaded complaint rule.

## III. LEGAL STANDARD

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a) which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441(a). The statute is strictly construed, requiring remand to State court if any doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).

A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010. Upon a determination that a federal court lacks subject matter jurisdiction, the District Court is obligated to remand, *sua sponte*, to the State court from which it was removed. *See Scott v. New York Admin. for Children's Services*, 678 F. App'x 56 (3d Cir. 2017).

## IV. DISCUSSION

### A. Federal Question

The defendant removed this case pursuant to the federal removal statute, 28 U.S.C. § 1441. Plaintiff's primary basis for removal of the case is federal question jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The notice of removal purports to base § 1331 jurisdiction upon a U.S. treaty. (D.I. 1 at 2.) It then lists additional grounds for removal including a reference to the mortgage's governing law clause; diversity of citizenship; Federal Housing Authority involvement; possible federal constitutional violations; possible fraud, possible Truth in Lending Act violations; possible Fair Debt Collection Practices Act

violations; possible U.S. Department of Justice violations; involvement by the Delaware State Housing Authority; and the plaintiff is a federally regulated national bank. (*Id.* at 2.)

The plaintiff moves for remand based upon the well-pleaded complaint rule. In commencing an action, the plaintiff decides whether to assert a federal claim, a state claim, or both. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). When analyzing federal subject matter jurisdiction, courts have traditionally looked to the "well-pleaded complaint" rule. *Id.* Under the well-pleaded complaint, a cause of action "'arises under' federal law, and removal is proper, only if there is a federal question presented on the face of the plaintiff's properly pleaded complaint." *Dukes v. U.S. Healthcare*, 57 F.3d 350, 353 (3d Cir. 1995)); *see also Homes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002). "'[A] case may not be removed to federal court on the basis of a federal defense,' even if the plaintiff's complaint anticipates such defense." *Caterpillar*, 482 U.S. at 392). "Nor can [the d]efendant[] create federal jurisdiction by asserting federal defenses and/or counterclaims to [the p]laintiff's state law foreclosure complaint." *Green Tree Servicing LLC v. Dillard*, 88 F. Supp. 3d 399, 402 (D.N.J. 2015) (ordering remand because mortgage foreclosure is state law case, and defendant's assertion of issues under the FDCPA does not create federal jurisdiction).

In the instant case, the plaintiff filed an action to foreclose a mortgage, a state law case, that does not arise under federal law. In addition, the defendant's assertion that this matter is governed by a treaty is specious, at best. Finally, the remaining reasons (with the exception of diversity) all speak to potential defenses and counterclaims. However, as stated under the well-pleaded complaint rule, defenses and counterclaims do not create federal court jurisdiction.

4

This court does not have jurisdiction by reason of a federal question under 28 U.S.C. § 1331. The defendant also asserts diversity jurisdiction in the notice of removal. Therefore, the court must still consider whether subject matter jurisdiction exists by reason of diversity of citizenship pursuant to 28 U.S.C. § 1332.

**B.     Diversity Jurisdiction**

The notice of removal states there is "diversity of citizenship of two different nation states." (D.I. 1 at 3.) Under 28 U.S.C. § 1332, "[t]he party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am. Ins.*, 357 F.3d 392, 396 (3d Cir. 2004). With respect to diversity of citizenship, complete diversity among opposing parties is required for a federal court to retain jurisdiction. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Samuel-Bassett*, 357 F.3d at 396–403.

The notice of removal refers citizens of two different nations states. In his opposition to the motion to remand, the defendant states that there is diversity of citizenship because he is a Moor/Moorish American and the plaintiff and its counsel are United States citizens. (D.I. 8 at 1.) The defendant neither identifies his, nor the plaintiff's, state of citizenship. Notably, courts have rejected assertions of Moorish citizenship as a means to establish diverse citizenship. *See, e.g.*, *Allah El v. Avesta Homes, LLC*, 520 F. App'x 806, 809 (11th Cir. 2013) (unpublished) (plaintiffs' claiming status as "Moorish Nationals and people of Washitaw Indian descent" did not adequately plead diversity jurisdiction as there were no facts establishing they were citizens

5

of a different nation or resided in a state other than Florida); *Sanders-Bey v. United States*, 267 F. App'x 464, 466 (7th Cir. 2008) (unpublished) ("Washitaw Nation of Muurs" is not recognized by United States government, and alleged membership in group is not sufficient to establish diversity jurisdiction).

The defendant has not established the state of citizenship of the plaintiff. Nor is the defendant's allegation that he is a Moor/Moorish American sufficient to establish that he is a citizen of a foreign state. This court must resolves all doubts in favor of remand. Here, the defendant has failed to meet his burden to establish diversity of citizenship and, therefore, the court concludes that it lacks subject matter jurisdiction diversity under 28 U.S.C. § 1332.

## V. CONCLUSION

For the above reasons the Court will: (1) grant the plaintiff's motion to remand (D.I. 5); and (2) order remand of the matter to the Superior Court of the State of Delaware in and for New Castle County as this court lack subject matter jurisdiction.[2]

An appropriate order will be entered.

_Dec 20_, 2017
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

---

[2] The court notes that the removal may be defective under 28 U.S.C. § 1441(b)(2), the "forum defendant rule," which bars removal by a defendant who is a "citizen of the State in which such action is brought." While not clear, the defendant may be domiciled in the State of Delaware. However, the plaintiff waived its opportunity to seek remand on the basis of the defect in the removal procedure because it did not raise the issue in its motion to remand, and the court may not raise the issue *sua sponte* as a means to remand. *See Korea Exchange Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50-51 (3d Cir. 1995) (holding violation of forum defendant rule "must be the subject of a motion to remand within 30 days after filing the notice of removal" (citing 28 U.S.C. § 1447(c)); *In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 451 (3d Cir. 2000) (district courts lack authority to sua sponte remand based on procedural defects; a motion is required).